UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEONARD W. HOYER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 02-cv-4114-JPG

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on petitioner Leonard W. Hoyer's ("Hoyer") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). In its initial review of the motion, the Court identified one theory: that Hoyer's counsel Paula Phillips ("Phillips") was constitutionally ineffective because she failed to file a notice of appeal after Hoyer timely asked her to do so. The Court held a hearing on the issue and rejected it as a basis for § 2255 relief.

    More recently, the Court has had occasion to review Hoyer's original § 2255 motion. Liberally construing the motion, as it must under the rule of *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court has identified additional claims of ineffective assistance of counsel that should have been identified in its initial review and that must be addressed before entering final judgment in this case. Those ineffective assistance of counsel claims are based on Phillips's: (1) failure to make a reasonably accurate estimate of a defendant's likely sentence when the defendant was contemplating a guilty plea, (2) failure to object to the government's alleged breach of an oral agreement regarding sentencing, and (3) failure to object to the five-level sentence enhancement under United States Sentencing Guideline § 2K2.1 in light of Hoyer's conviction under 18 U.S.C. § 924(c).

The Court is aware that in his § 2255 motion, Hoyer expressly states that he wishes to bring these claims on direct appeal (the direct appeal he seeks to get in the claim the Court has already rejected).  However, because such claims are generally more appropriate in § 2255 proceedings, and since such claims may be heard in § 2255 proceedings even if not raised on direct appeal, *Massaro v. United States*, 538 U.S. 500, 504-05 (2003), the Court believes that justice requires that his § 2255 motion be liberally construed to assert such claims.  The Court **ORDERS** the government to respond to these additional claims of ineffective assistance of counsel on or before June 10, 2005.

**IT IS SO ORDERED.**
**DATED:  May 10, 2005**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**